UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. |
| ) | 5:11-55-JMH |
| v. ) | |
| ) | |
| DANNY J. GAYHART, ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon Defendant's Motion to Dismiss the indictment in this matter [DE 20] on the grounds that it fails to aver that Defendant "knowingly," without having been permitted to do so, sold a red tailed hawk. The United States has filed a Response [DE 21]. The Court being adequately advised, this motion is ripe for decision.

Defendant was charged with four instances of violating the Migratory Bird Treaty Act ("MBTA") by "sell[ing], without being permitted to do so, a migratory bird, that is, a red tailed hawk, a federally protected bird species under the Migratory Bird Treaty Act, all in violation of 16 U.S.C. §§ 703 & 707(b)(2)." [*See* Indictment, DE 1.]

In relevant part, 16 U.S.C. § 703(a) makes it unlawful to engage in certain conduct, as follows:

> Unless and except as permitted by regulations made as hereinafter provided in this subchapter, it shall be unlawful at any time, by any means or in any manner, to pursue,

> hunt, take, capture, kill, attempt to take, capture, or kill, possess, offer for sale, sell, offer to barter, barter, offer to purchase, purchase, deliver for shipment, ship, export, import, cause to be shipped, exported, or imported, deliver for transportation, transport or cause to be transported, carry or cause to be carried, or receive for shipment, transportation, carriage, or export, any migratory bird, any part, nest, or egg of any such bird, or any product, whether or not manufactured, which consists, or is composed in whole or part, of any such bird or any part, nest, or egg thereof, included in the terms of the conventions between the United States and Great Britain for the protection of migratory birds concluded August 16, 1916 (39 Stat. 1702), the United States and the United Mexican States for the protection of migratory birds and game mammals concluded February 7, 1936, the United States and the Government of Japan for the protection of migratory birds and birds in danger of extinction, and their environment concluded March 4, 1972 and the convention between the United States and the Union of Soviet Socialist Republics for the conservation of migratory birds and their environments concluded November 19, 1976.

Section 707(a) defines a misdemeanor violation of the MBTA as follows:

> Except as otherwise provided in this section, any person, association, partnership, or corporation who shall violate any provisions of said conventions or of this subchapter, or who shall violate or fail to comply with any regulation made pursuant to this subchapter shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not more than $15,000 or be imprisoned not more than six months, or both.

Section 707(b) provides for a felony violation by including the mens rea element of "knowingly":

> Whoever, in violation of this subchapter, shall knowingly--
>
> (1) take by any manner whatsoever any migratory bird with intent to sell, offer to sell, barter or offer to barter such bird, or
>
> (2) sell, offer for sale, barter or offer to barter, any migratory bird shall be guilty of a felony and shall be fined not more than $2,000 or imprisoned not more than two years, or both.

By any reading of the Indictment, Defendant was not charged by the grand jury with having "knowingly" taken any of the actions set forth in the Indictment, thus, the Indictment does not charge Defendant with a felony under § 707(b).[1] The Indictment does, however, allege strict liability on Defendant's part and, thus, charges him with a misdemeanor violation of the statute pursuant to § 707(a).

Having considered the matter carefully, the Court will deny Defendant's motion to dismiss the Indictment. The matter will, however, proceed to trial on October 13, 2011, solely as to the lesser-included misdemeanor charge under 16 U.S.C. § 707(a) unless a superseding indictment charging Defendant with a felony is filed

---

[1] Defendant argues that *United States v. Wulff*, 785 F.2d 1121 (1985) (holding that the version of the Migratory Bird Treaty Act in effect at that time was unconstitutional since it failed to include a degree of scienter in setting forth the elements of a felony offense), should inform this Court's decision. Reference to *Wulff* is not necessary for it is concerned with a version of the MBTA no longer in effect and because the plain language of the statute tells the Court precisely what it needs to know about whether the Indictment adequately charges a felony violation of the MBTA.

by the United States before trial.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss [DE 20] is **DENIED**.

This the 6th day of October, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge